UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KIM CHRISTIANSEN, | Case No. 23-cv-01095-AMO |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS** |
| KIMBERLY-CLARK CORPORATION, et al., | Re: Dkts. No. 10, 11, 24, 25 |
| Defendants. | |

Defendants Kimberly-Clark Corporation and Target (collectively, "Defendants") separately move to dismiss the claims asserted by Plaintiff Kim Christiansen. Because the Court concludes that Plaintiff has not adequately alleged her personal injury claims arising under negligence, strict products liability, and breach of warranty, the motions to dismiss are **GRANTED** with leave to amend the complaint.

I.  **BACKGROUND**

Plaintiff Christiansen alleges that she suffered personal injury from using Cottenelle Flushable Wipes, which she purchased from Target on October 8, 2020. ECF No. 1-1 at 8. Christiansen alleges claims of strict liability, negligence, and breach of warranty. *Id.* at 9.

Defendant Kimberly-Clark Corporation filed a motion to dismiss for failure to state a claim on March 17, 2023. ECF No. 10. Defendant Target also filed a motion to dismiss for failure to state a claim on March 17, 2023. ECF No. 11.[1]

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain

---

[1] Defendants re-filed their motions to dismiss as Dockets No. 24 and 25.

1   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A
2   complaint that fails to meet this standard may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).
3   To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff's "factual allegations [in the
4   complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v.*
5   *Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the
6   complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving
7   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

8   "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action
9   [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the
10  opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652
11  F.3d 1202, 1216 (9th Cir. 2011)). The Court may dismiss a claim "where there is either a lack of a
12  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."
13  *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). To survive a motion to dismiss,
14  "the non-conclusory 'factual content' and reasonable inferences from that content must be
15  plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572
16  F.3d 962, 969 (9th Cir. 2009).

17  **III.    DISCUSSION**

18  Christiansen alleges that she suffered personal injury under theories of strict products
19  liability, breach of warranty, and negligence. ECF No. 1-1 at 5-9. However, Christiansen fails to
20  provide sufficient factual allegations to state a cognizable legal claim. *See Angioli*, 654 F.3d at
21  850. The entirety of Christiansen's negligence claim states: "Plaintiff purchased Defendants
22  product, Cottonelle Flushable Wipes, [on October 8, 2020, in Alameda County] which caused
23  personal injuries to Plaintiff." ECF No. 1-1 at 8. Similarly, Christiansen's formulaic recitation of
24  the elements in a products liability claim fails to allege underlying facts such that Defendants
25  would be able to defend themselves effectively. *Id.* at 9; *see Levitt*, 765 F.3d at 1135. Further,
26  Christiansen does not allege any facts underlying the breach of warranty claim. ECF No. 1-1 at 9.
27  Accepting all of Christiansen's allegations as true, the complaint is devoid of sufficient factual
28  allegations to state cognizable legal claims. *See Angioli*, 654 F.3d at 850.

## IV. CONCLUSION

Christiansen has not alleged sufficient facts underlying her claims to overcome the motions to dismiss. As such, the Court **GRANTS** Defendant Target's motion to dismiss and **GRANTS** Defendant Kimberly-Clark's motion to dismiss. Pursuant to Federal Rules of Civil Procedure 15(a)(2), the Court **GRANTS** Plaintiff Christiansen leave to amend. If Plaintiff files an amended complaint, the complaint should allege the underlying facts for each cause of action, including (but not limited to) whether and how Plaintiff used the product, the legal duties Defendants breached, and what injuries resulted. Any amended complaint is due within **21 days** of this order. If no amended complaint is filed by that deadline, the Court will dismiss this case with prejudice.

**IT IS SO ORDERED.**

Dated: June 12, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**