UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM CHRISTIANSEN,<br><br>   Plaintiff,<br><br>   v.<br><br>KIMBERLY-CLARK CORPORATION, et al.,<br><br>   Defendants. | Case No. 23-cv-01095-AMO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 31, 32 |

Before the Court are Defendant Kimberly-Clark Corporation's motion to dismiss and Defendant Target Corporation's motion to dismiss. The matters are fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motion to dismiss for the following reasons.

I.   **BACKGROUND**[1]

Plaintiff Kim Christiansen purchased Cottonelle Flushable Wipes from Target Corporation ("Target") on October 8, 2020. First Amended Complaint ("FAC") (ECF 30) ¶ 14. Kimberly-Clark Corporation ("Kimberly-Clark") designs, manufactures, and sells Flushable Wipes, and markets them as "toilet-paper alternatives[.] . . ." FAC ¶¶ 11-12. The wipes were contaminated with a bacterium. FAC ¶ 15. After using the wipes "as intended" on October 20, 2020, Christiansen "developed a bacterial infection at the same area in which she used the Flushable Wipes." FAC ¶ 16. As a result of the infection, she "required medical treatment." FAC ¶ 17.

---

[1] For purposes of the motion to dismiss, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to Smith. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

1    Christiansen filed a lawsuit against Target and Kimberly-Clark (collectively,
2 "Defendants") in Alameda Superior Court on October 7, 2022. ECF 1-1 at 5. Defendants
3 removed the case to this Court on March 10, 2023, within 30 days of being served. ECF 1 ¶¶ 4-5.
4 Defendants each filed a motion to dismiss for failure to state a claim, which the Court granted on
5 June 12, 2023. ECF 29. Christiansen filed the FAC on July 3, 2023, alleging causes of action for
6 strict products liability and negligence, including failure to warn, design and manufacturing
7 defects, and breach of warranty. FAC ¶¶ 18-75. Kimberly-Clark filed a motion to dismiss for
8 failure to state a claim on July 17, 2023. ECF 31. Target also filed a motion to dismiss for failure
9 to state a claim on July 17, 2023. ECF 32.

## II.     LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

## III.    DISCUSSION

In dismissing Christiansen's original complaint, the Court explained that Christiansen "fail[ed] to provide sufficient factual allegations to state a cognizable claim" where the entirety of the allegations stated: "Plaintiff purchased Defendants product, Cottonelle Flushable Wipes, [on October 8, 2020, in Alameda County] which caused personal injuries to Plaintiff." ECF 29 at 2 (quoting ECF No. 1-1 at 8). In the FAC, Christiansen adds that the purchased wipes were contaminated with a "bacterium," and that she "developed a bacterial infection at the same area in

United States District Court
Northern District of California

which she used the Flushable Wipes," and "required medical treatment." FAC ¶¶ 15-17. Christiansen alleges that she suffered personal injury after using the Flushable Wipes under theories of breach of warranty, strict products liability, and negligence. As the Court discusses below in addressing each of these claims, with the exception of the manufacturing defect claim against Kimberly-Clark and the implied breach of warranty of merchantability claim against Defendants, the claims cannot survive the motions to dismiss.

### A. Breach of Warranty (Counts 5, 6, and 9)

To allege express breach of warranty, a plaintiff must plead (1) the exact terms of the warranty; (2) plaintiff's reasonable reliance; and (3) breach of that warranty; (4) which proximately caused plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). To satisfy the first element, the plaintiff must "'identify a specific and unequivocal written statement' about the product that constitutes an 'explicit guarantee[ ].' " *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017) (citation omitted). Christiansen has not alleged the terms of any warranty or her reasonable reliance on such warranty. Accordingly, the Court **DISMISSES** the express breach of warranty claims.

Christiansen also alleges a breach of the implied warranty of fitness for a particular purpose, alleging that the wipes were not fit for "being used on her body." *See* FAC ¶¶ 42, 47, 67, 72. "An implied warranty of fitness for a particular purpose arises only where (1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985); *see Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1021 (N.D. Cal. 2014). "A particular purpose differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1295 n. 2 (1995) (internal

quotation marks omitted).  To allege a breach of the implied warranty of fitness for a particular purpose, the plaintiff must identify a particular purpose for which he or she obtained the product at issue.  *See Frenzel*, 76 F. Supp. 2d at 1021 (citing cases).

Christiansen alleges that she intended to use the Flushable Wipes "for the particular purpose of being used on his [*sic*] body" and that she used the wipes "as intended."  FAC ¶¶ 16, 43.  The use Christiansen intended and engaged in is not a particular purpose; rather it is the ordinary purpose for which the Flushable Wipes are customarily purchased.  *See* FAC ¶ 12 (Kimberly-Clark "markets its Flushable Wipes as 'toilet-paper alternatives' ").  Christiansen also does not allege that she relied on the skill and judgment of either Defendant to select a product that was suitable for her needs, which is the "major question" for an implied warranty of fitness claim.  *See Keith*, 173 Cal. App. 3d at 25.  Accordingly, the Court **DISMISSES** the claims for implied breach of warranty of fitness for a particular purpose.

However, the Court cannot grant the motion to dismiss Christiansen's claim for breach of the implied warranty of merchantability.  The implied warranty of merchantability requires that goods "(1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purpose for which those goods are used; (3) are adequately contained, packaged, and labeled; and (4) conform to the promises or affirmation of fact made on the container or label."  *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009).  The implied warranty of merchantability "provides for a minimum level of quality" in a good.  *Am. Suzuki Motor Corp.*, 37 Cal. App. 4th at 1296 (citation omitted).  To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege a "fundamental defect that renders the product unfit for its ordinary purpose."  *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 878 (N.D. Cal. 2015) (citation omitted); *see also Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009) ("The core test of merchantability is fitness for the ordinary purpose for which such goods are used.") (citation omitted).  "Such fitness is shown if the product is in safe condition and substantially free of defects[.]"  *Mexia*, 174 Cal. App. 4th at 1303 (internal quotation marks and citation omitted).  In other words, a plaintiff claiming breach of an implied warranty of merchantability must show that the product "did not possess even the most basic degree of fitness

for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003).

Defendants argue that Christiansen fails "to provide virtually any factual underpinnings of her alleged injury and damages as well as her failure to allege that [the] breach of warranty was a substantial factor in causing her home [*sic*]." ECF 31 at 8-9; ECF 32 at 6. While Christiansen's allegations are not extensive, she alleges that the bacterium in the Flushable Wipes rendered them unfit for ordinary use on her body and caused her an infection. *See* FAC ¶¶ 12, 15, 67-68. She has alleged the basic elements of the claim. *See Mexia*, 174 Cal. App. 4th at 1303. Accordingly, the Court **DENIES** Defendants' motion to dismiss the claims for breach of implied warranty of merchantability.

### B. Products Liability

#### 1. Negligence-Based Claims (Counts 3, 4, and 8)

A plaintiff can sue for product liability on two theories: negligence and strict liability. *Lemberg v. JP Morgan Chase Bank, N.A.,* No. 17-cv-05241-JSC, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018) (citing *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 478 (2001)). Under a claim for negligent product liability, a plaintiff must also allege that "the defect in the product was due to negligence of the defendant." *Merrill*, 26 Cal. 4th at 479 (citation omitted). Christiansen has not alleged any facts showing that either Defendant was negligent in making or selling the product. Accordingly, her negligence-based product claims fail.

#### 2. Strict Liability

California law recognizes three types of product defects that give rise to strict liability: design defects, manufacturing defects, and warning defects. *Ramos v. Brenntag Specialties, Inc.*, 63 Cal. 4th 500, 507 (2016). Christiansen brings claims under each theory, and the Court addresses them in turn.

##### a. Design Defect (Count 1)[2]

Under California law, "[a] design defect . . . exists when the product is built in accordance

---

[2] As Christiansen does not clarify whether she brings the first cause of action against Kimberly-Clark under a design or manufacturing defect theory, the Court addresses both theories.

5

with its intended specifications, but the design itself is inherently defective." *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (1978)); *see also*, *e.g.*, *Troup v. Toyota Motor Corp.*, 545 Fed. App'x. 668, 669 (9th Cir. 2013) (citing *McCabe* for the same proposition). As part of a defective design claim, a plaintiff must make "a prima facie showing that the injury was proximately caused by the product's *design*." *Barker*, 20 Cal. 3d at 414 (emphasis added); *see also Ferrari v. Nat. Partner, Inc.*, No. 15-CV-04787-LHK, 2017 WL 76905, at *5 (N.D. Cal. Jan. 9, 2017).

Here, Christiansen has not alleged that the design of the Flushable Wipes was "inherently defective." *See McCabe*, 100 Cal. App. 4th at 1120. Indeed, due to the sparsity of the allegations, the Court cannot determine whether she alleges that the bacterium in the wipes was an intentional part of the design or was unintentional. As the design defect claims "lack[] the essential allegation that the design of [the Flushable Wipes] itself is inherently defective," the design defect claims fail. *See Ferrari*, 2017 WL 76905, at *5.

Additionally, under California law there are two tests for a design defect claim. Specifically, a product is defective "(1) if the product has failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) if, in light of the relevant factors discussed below, the benefits of the challenged design do not outweigh the risk of danger inherent in such design." *Barker*, 20 Cal. 3d at 418. "In order to adequately state a claim" for design defect, a plaintiff must "identify which design defect theory is being utilized," and "allege facts to support the test that Plaintiff identifies." *Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2016 WL 6393549, at *9 (N.D. Cal. Oct. 28, 2016) (internal quotation marks omitted); *see also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prod. Liab. Litig.*, 754 F. Supp. 2d 1208, 1220 (C.D. Cal. 2010) ("To meet the strictures of *Twombly* and *Iqbal*, Plaintiffs should identify which design defect theory is being utilized and allege facts to support that theory."). Thus, Christiansen's claims fail for the additional reason that she fails to identify either of these two tests or plead facts to support either theory.

///

### b.     **Manufacturing Defect** (Count 1)

In contrast, a product has a manufacturing defect if "the product as manufactured does not conform to the manufacturer's design." *Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 4th 173, 190 (2013). Manufacturing defects can arise, for example, "when a flaw in the manufacturing process creates a product that differs from what the manufacturer intended." *Webb v. Special Elec. Co.*, 63 Cal. 4th 167, 180 (2016) (exploding soda bottle is prototypical example).

To state a claim under strict liability theory for a manufacturing defect, a plaintiff must allege the following elements: "(1) [s]he has been injured by the product; (2) the injury occurred because the product was defective; and (3) the defect existed when the product left the hands of the defendant." *Nichols v. Covidien LP*, No. 20-cv-06836-EMC, 2021 WL 764134, at *3 (N.D. Cal. Feb. 26, 2021) (citations omitted). A manufacturing defect claim alleges that "a suitable design is in place, but that the manufacturing process has in some way deviated from that design." *In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th 594, 613 (2002). A manufacturing defect must be a substantial factor in causing an injury to qualify as a legal cause of the injury. *Garrett*, 214 Cal. App. 4th at 190.

Christiansen alleges that she purchased the wipes, that they were contaminated with a bacterium, that the wipes were unaltered from the condition in which they were sold, and after using the wipes she developed a bacterial infection in the place where she used them. FAC ¶¶ 14-16, 19. Kimberly-Clark challenges this cause of action for failing to allege what type of "bacterial infection" Christiansen developed, as well as where, or whether she still has the infection. ECF 31 at 4. Defendants cite no case law to support the proposition that a plaintiff must allege the exact type of injury suffered. Defendants also argue that Christiansen failed to allege that any defect was a substantial factor in causing her harm, *id.*, but Christiansen has alleged that she sustained "severe bodily injuries" as a "direct and proximate result of the defective condition of the Flushable Wipes." FAC ¶ 21.

A bare allegation that a product had a "manufacturing defect" is insufficient to state a claim. *See Crawford v. Zimmer Biomet Holdings, Inc.*, No. 1:21-CV-0988 AWI CDB, 2023 WL 2189425, at *6 (E.D. Cal. Feb. 23, 2023) (concluding that plaintiff failed to allege how a medical

device "differed from [the company's] design or manufacturing standards") (citing cases). However, here, Christiansen alleges that the wipes deviated from their design as they had a bacterium in them. *See, e.g.*, *Pettibone v. Medtronic, Inc.*, No. 21-CV-02599-YGR, 2021 WL 4895051, at *1 (N.D. Cal. Oct. 20, 2021) (concluding that allegations that two surgical screws broke in pieces showed that the product varied from identical products and was thus sufficient to allege a manufacturing defect); *Barker*, 20 Cal.3d at 429 (1978) ("For example, when a product comes off the assembly line in a substandard condition it has incurred a manufacturing defect.").

Accordingly, the Court **DENIES** the motion to dismiss Christiansen's strict product liability claim to the extent it is predicated on an alleged manufacturing defect.

### 3. Failure to Warn (Counts 2, 4, 7, and 8)

A manufacturer generally has a duty to warn consumers about the hazards of its product. *Webb*, 63 Cal. 4th at 180-81. Christiansen brings the failure to warn claims under theories of strict liability and negligence. The Court addresses each in turn.

Manufacturers are strictly liable for injuries caused by their failure to provide adequate warnings of known or reasonably scientifically knowable dangers at the time they manufactured and distributed their product. *Johnson v. American Standard, Inc.*, 43 Cal. 4th 56, 64 (2008); *Carlin v. Superior Ct.*, 13 Cal. 4th 1104, 1108-09, 1112 (1996). A claim based on failure to warn requires that "the plaintiff . . . prove that the defendant's failure to warn was a substantial factor in causing his or her injury." *Huitt v. S. Cal. Gas Co.*, 188 Cal. App. 4th 1586, 1604 (2010). "The natural corollary to this requirement is that a defendant is not liable to a plaintiff if the injury would have occurred even if the defendant had issued adequate warnings." *Id.* Christiansen provides no factual allegations showing that the risk in the product was known or knowable to Target or Kimberly-Clark or that the failure to warn was a substantial factor in causing her injury. *See, e.g.*, *Snyder v. Does 1 Through 50*, No. 4:20-CV-08419-KAW, 2021 WL 4170766, at *5 (N.D. Cal. Sept. 14, 2021) (concluding that plaintiff failed to sufficiently allege failure to warn when plaintiff "fails to provide any factual contentions regarding the individual defendants, the products, what warnings were not given or how the failure to warn caused Plaintiff's injuries"). Accordingly, the Court **DISMISSES** the causes of action for strict liability for failure to warn in

counts two and seven.

A claim for negligence requires the plaintiff to show that a defect caused the injury complained of, and that the defect was caused by the defendant's negligence. *Merrill, Inc.*, 26 Cal. 4th at 479. As explained in Section B(1), Christiansen fails to allege any facts showing that the defect in the wipes was caused by either Defendants' negligence, and fails to allege that the failure to warn was a substantial cause of her injury. Accordingly, the Court **DISMISSES** the causes of action for negligent failure to warn in counts four and eight.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss the strict liability manufacturing defect claim against Kimberly-Clark and the implied breach of warranty of merchantability claim against Kimberly-Clark and Target and **DISMISSES** the remaining causes of action with leave to amend. Any amended complaint must be filed by April 17, 2024. No additional parties or claims may be added without leave of Court or stipulation of Defendants. This will be Plaintiff's second attempt at amending the complaint. Failure to cure the deficiencies outlined will result in dismissal of the remaining claims with prejudice. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**IT IS SO ORDERED.**

Dated: March 19, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**